# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM KEITH HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-0150-HE |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, P.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff William Keith Howell filed this action against defendant National Union Fire Insurance Company ("National Union") and an unidentified sales agent from whom he purchased a disability insurance policy. He asserts both bad faith and fraud claims. National Union has filed a motion for summary judgment, which the court concludes should be granted in part and denied in part.[1]

A detailed recitation of the facts is unnecessary. Material fact disputes exist with respect to the plaintiff's bad faith claim and his request for punitive damages, which preclude summary judgment in the defendant's favor. *See* Fed.R.Civ.P. 56. While fact disputes also exist with respect to the plaintiff's fraud claim, it fails for other reasons.

The plaintiff's fraud claim is based on statements the defendant's agent allegedly made to him in conjunction with the sale of the insurance policy. The plaintiff has submitted both the transcript of his recorded telephone conversation with the sales agent and the script

---

[1]*National Union filed a reply brief which the court has considered, although it was untimely. Under the revised local rules, reply briefs are due "within 7 days after the date the response was filed." LCvR7.1(i).*

used by the defendant's sales representatives. The plaintiff contends the defendant misled him and others because its agents did not explain that the policy provided permanent disability coverage only if the insured became paralyzed, blind or had double amputations. He asserts that most people assume that disability means "they should get paid if they could not work." Plaintiff's response, p. 18. The plaintiff alleges that he was promised by the defendant's sales agent that if he purchased the insurance the defendant "would pay disability benefits any time Plaintiff was disabled from work." Petition, ¶1. He contends that representation was not true and also asserts that the sales agent "concealed and failed to disclose to Plaintiff the true nature of Defendants' claim practices and procedures which is to delay and deny policy benefits even on valid and meritorious claims, such as Plaintiff's claim." Petition, p. 1. The plaintiff's chief other complaints about the representations made to him in conjunction with the sale consist of the agent's failure to inform him of the six month waiting period before any benefits are paid and the "promise that the home health care benefit applies 'for the first six months of disability.'" Plaintiff's response, p. 21.[2]

The court has reviewed both the transcript and the script and in neither found the statement, "if you become accidentally unable to work, you are covered." Plaintiff's response, p. 9, ¶28. As the plaintiff qualified for coverage under the policy terms, the agent's failure to explain the type of injury required for total disability did not impact him and

---

[2]*The plaintiff refers to numerous asserted violations of regulations issued by the Oklahoma Insurance Department that relate to the disclosure of material and relevant information in the advertisement and sale of disability insurance. He does not, though, cite any authority demonstrating a private right of action based on violations of those regulations and the extent to which some or all pertain to the telephonic sales at issue here is unclear.*

cannot, therefore, be the basis of a fraud claim. Stehm v. Nordam Group, Inc., 170 P.3d 546, 549 (elements of actionable fraud required that plaintiff act in reliance upon false material representation and "thereby suffered detriment."). The plaintiff's assertion that the sales agent failed to disclose that the defendant would act in bad faith and not promptly pay valid claims submitted under the policy is essentially an attempt to recast his bad faith claim as one for fraud.

The remaining bases for the plaintiff's fraud claim – defendant's alleged concealment of the six month waiting period for the payment of benefits and asserted false promise of the immediate availability of home health care benefits – also are insufficient to permit the plaintiff's fraud claim to be submitted to the jury. The sales agent informed the plaintiff that there were exclusions and limitations in coverage, which were detailed in the description of coverage he would receive. Moreover, the plaintiff declined to have those limitations read to him.[3] Even if the plaintiff had demonstrated a material misrepresentation or omission, he has not offered any evidence of reliance – that he purchased the policy because of what was or was not said. *See* Cook v. Medical Savings Ins. Co., 287 Fed.Appx. 657, at *3 (10th Cir. 2008) (unpublished) ("But the record is replete with evidence from Mr. Cook that, although he consulted his accountant, he did in fact rely on Mr. Russell's representations about the policy's terms in deciding to purchase it and would not have purchased the MSIC policy had

---

[3]*The court recognizes that the general exclusions and limitations that the script specifies should be read if a customer asks, are not all inclusive. However, what was in the script is immaterial because the plaintiff elected to read the description of coverage when it was sent to him.*

3

he known the truth.).[4]

Accordingly, the defendant's motion for summary judgment [Doc. #42] is **denied** with respect to the plaintiff's bad faith claim and request for punitive damages and **granted** with respect to his fraud claim. Judgment in the defendant's favor on the fraud claim will be entered when the case is concluded with respect to all claims and parties. Fed.R.Civ.P. 54(b).

Although the plaintiff also sued a John Doe defendant, as such person has not been identified or served, the plaintiff's claims against him are **dismissed without prejudice**.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4]*Another potential issue with the plaintiff's fraud claim is whether his reliance on the sales agent's oral representations was "reasonable." See* Cook, *287 Fed.Appx. 657, at *4 ( "We need not address whether Oklahoma requires an insured to read his or her policy in order to discover the insurer's misrepresentations, however, because Mr. Cook could not have ascertained the truth by doing so. See* Silver v. Slusher, *770 P.2d 878, 882 n. 8 (Okla.1988) ('An action for fraud may not be predicated on false statements when the allegedly defrauded party <u>could have ascertained the truth</u> with reasonable diligence.'")).*

4